### FIELDS v. KARTER.

(Circuit Court of Appeals, Fifth Circuit. May 20, 1902.)

#### No. 1,127.

BANKRUPTCY—DISCHARGE—CONCEALMENT OF PROPERTY.
    Specifications in opposition to the discharge of a bankrupt, on the ground that he concealed from his trustee, while a bankrupt, property belonging to his estate in bankruptcy, cannot be sustained on proofs showing that the transfers of property relied on were of record, and made more than a year before the bankruptcy, and that they were fully detailed and explained by the bankrupt on his examination.

Appeal from the District Court of the United States for the Northern District of Alabama.

S. S. Pleasants, for appellant.
J. J. Curtis, for appellee.

Before PARDEE and McCORMICK, Circuit Judges.

PER CURIAM. On the 4th day of March, 1901, J. H. Karter, residing in Cullman county, state of Alabama, filed a voluntary petition in bankruptcy, annexing thereto the formal schedules, and thereupon was duly adjudged a bankrupt, and a meeting of creditors duly ordered. The meeting was held on the 25th day of March, 1901, and one creditor, the appellant in this case, appeared and proved his claim. Thereupon the referee appointed a trustee, who duly qualified, and gave the bond required. On April 6, 1901, the bankrupt was examined before the referee. That examination covered the disposition the bankrupt had made more than a year prior to the bankruptcy of real estate and merchandise, the organization of the J. H. Karter Company, and the transfer by the bankrupt to his wife, Mary B. Karter, of 559 shares of the stock of the said company, and the bankrupt's

subsequent connection with the company as president and employé. On the 11th day of July, 1901, the bankrupt applied for his discharge, and a hearing thereon was duly ordered; whereupon the appellant appeared and filed an opposition to the discharge, specifying that the bankrupt had concealed while a bankrupt, from his trustee, property belonging to his estate in bankruptcy, to wit, 559 shares of the capital stock of the J. H. Karter Company; one lot of ground in the town of Falkville, Morgan county, Ala.; 40 acres of land in Blount county, Ala.; a general mercantile business in the town of Cullman, Ala.; and sundry pieces of real estate, not necessary to describe. All of these acts of concealment were charged as having been committed knowingly and fraudulently, for the purpose of concealing his property from his creditors. To this opposition the bankrupt filed an answer, as follows:

"First, that he is not guilty of the matters and things alleged in said specifications; second, that at the time of the formation of the corporation of J. H. Karter & Co., in August, 1899, he did not owe the said A. E. Fields one cent, and that he was not indebted to him in any sum whatever for more than thirteen months thereafter, which could be proved in bankruptcy; third, that at the time of the alleged conveyance of the bankrupt's property to said corporation he was not indebted to said objecting creditor in any amount whatsoever, and was not for more than twelve months thereafter, on any claim provable in bankruptcy; fourth, that at the time of the alleged transfer of real estate in Morgan and Blount counties to bankrupt's son, F. A. Karter, that said bankrupt was not indebted to said objecting creditor in any amount whatsoever, and was not for more than seven months thereafter; fifth, that any and all debts that bankrupt owed at the time of the alleged fraudulent transfers, if he owed any, have been discharged in full more than four months before the filing of his petition in bankruptcy; sixth, that the claim of said objecting creditor was for damages for a tort alleged to have been committed by bankrupt, and same was not provable in this court, and that said tort was never reduced to judgment until about September 20, 1900, or more than a year after the transfers complained of."

The case was then certified to the district judge, as follows:

"I, Jere Murphy, Jr., one of the referees of said court in bankruptcy, do hereby certify that, in the course of the proceedings in said cause before me, specifications in opposition to discharge were filed, notice under rule 27 (32 C. C. A. xxvii, 89 Fed. xi) was given. Creditor relies on testimony of bankrupt to support specifications. Bankrupt relies on his own testimony and affidavits on file. The petition for discharge and specifications in opposition thereto, the testimony, and the entire record is certified under rule 27 regulating practice. And the said specifications are certified to the judge for his action thereon.
"Dated at Huntsville, the 14th day of October, 1901.
"Jere Murphy, Jr., Referee in Bankruptcy."

On the certificate and the evidence as certified the district judge overruled and disallowed the specifications and opposition, and ordered the discharge of the bankrupt.

In our opinion, the opposition might have been overruled without evidence, because, on the face of the opposition, it appears that all the transfers and alleged concealments charged therein were of record, and antedated the adjudication in bankruptcy more than a year, and at a time when, so far as the record shows, the bankrupt had not a single creditor. But, be that as it may, the evidence of the bankrupt

upon which the opponent relies fully shows that all the transfers and concealments of which the opponent complained were fully set forth and detailed in the examination of the bankrupt, which took place within a little over a month after the adjudication in bankruptcy, and within two weeks after the appointment of a trustee. We, therefore, conclude that there could have been no substantial concealment from the trustee of the property belonging to the estate in bankruptcy, nor of the bankrupt's former dealings with his property; and, considering all the matters exhibited in the record, we are unable to discover any such fraudulent conduct on the part of the bankrupt as would justify a refusal of his discharge.

The judgment appealed from is affirmed.